UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PLA-FIT FRANCHISE, LLC; PFIP, LLC; PLA-FIT HEALTH, LLC; CHRISTOPHER J. RONDEAU; MICHAEL GRONDAHL; BEN MIDGELY; JOSEPH FRESCHI; and CANDACE TALON,<br><br>　　　　　　　　Plaintiffs,<br>v.<br><br>HD FIT, INC.; MAXR, LLC; DIANA HAMILTON-DUTT; and HANS R. DUTT,<br><br>　　　　　　　　Defendants. | C.A. No.: 09-10560-RWZ |

## PLAINTIFFS' RENEWED PETITION TO COMPEL ARBITRATION PURSUANT TO 9 U.S.C. § 4

Pursuant to 9 U.S.C. § 4, plaintiffs Pla-Fit Franchise, LLC, PRP, LLC, Pla-Fit Health, LLC, Christopher J. Rondeau, Michael Grondahl, Ben Midgely, Joseph Freschi and Candace Talon (collectively "Planet Fitness") respectfully request the court issue an order compelling defendants HD Fit, Inc., MAXR, LLC, Diana Hamilton-Dutt and Hans R. Dutt (collectively "the Hamilton-Dutts") to proceed with arbitration of the claims they voluntarily submitted to arbitration, as provided for in the parties' Planet Fitness® Franchise Agreements, in American Arbitration Association Case No. 11 114 Y 02112 08 ("Arbitration").

Following the court's June 5, 2009 ruling that the Arbitration should proceed in parallel with the Maryland Court Action, Planet Fitness requested the Hamilton-Dutts to resume those proceedings. The Hamilton-Dutts refused to do so. Instead, they said they would ask the Maryland court to void the arbitration clauses to relieve them from any obligation to arbitrate. Accordingly, Planet Fitness now asks this court to compel the Hamilton-Dutts to arbitrate those

12589508.3

claims they voluntarily submitted to arbitration simultaneous with pursuing their causes of action in the Maryland courts.

In support of this motion, Planet Fitness relies upon the accompanying memorandum of law and states as follows:

1. The Hamilton-Dutts must be compelled to arbitrate the claims currently pending in the Arbitration because they contractually agreed to do so. Because the parties executed a valid agreement to arbitrate and the claims asserted in the Arbitration fall within the scope of the parties' agreement Planet Fitness is entitled to an Order compelling the Hamilton-Dutts to arbitrate those claims. 9 U.S.C. § 4.

2. The Hamilton-Dutts waived any defense to arbitrating based on the franchise agreements being fraudulently induced by initiating the Arbitration. JCI Commc'ns., Inc. v. IBEW, Local 103, 324 F.3d 42, 49-50 (1st. Cir. 2003).

3. Any claim by the Hamilton-Dutts that the franchise agreements were fraudulently induced must be submitted to the Arbitration for resolution. Sleeper Farms v. Agway, Inc., 506 F.3d 98, 103 (1st Cir. 2007) ("As a matter of federal law, the arbitration clause is unaffected even if the substance of the contract is otherwise void or voidable. [citation omitted] Without this rule, the merits of a contractual dispute would often have to be adjudicated in court in order to determine whether the dispute is arbitrable.").

4. Any claim by the Hamilton-Dutts that the franchise agreements were fraudulently induced was rejected by this court in its June 5 Order and is therefore barred by the law of the case doctrine. Naser Jewelers, Inc. v. City of Concord, N.H., 538 F.3d 17, 20 (1st Cir. 2008).

- 3 -

WHEREFORE, Planet Fitness requests an Order compelling defendants to arbitrate all claims they have asserted in the pending Arbitration, and any other claims against Planet Fitness that do not arise under the Maryland Franchise and Disclosure Law.

Respectfully Submitted,

PLA-FIT FRANCHISE, LLC; PFIP, LLC; PLA-FIT HEALTH, LLC; CHRISTOPHER J. RONDEAU; MICHAEL GRONDAHL; BEN MIDGELY; JOSEPH FRESCHI; and CANDACE TALON,

By their attorneys,

Dated: June 12, 2009

/s/ Arthur L. Pressman
Arthur L. Pressman (BBO #643094)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1100
(617) 345-1300 (facsimile)
E-mail: apressman@nixonpeabody.com

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for plaintiffs certifies that he conferred in good faith with defendants' counsel on June 10 and June 12, 2009 in an effort to resolve or narrow the issues presented by this motion and was unable to do so.

/s/ Arthur L. Pressman
Arthur L. Pressman

- 4 -

## Certificate of Service

I hereby certify that this Renewed Petition to Compel Arbitration filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 12, 2009.

                                              /s/ Arthur L. Pressman
                                              Arthur L. Pressman