## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PLA-FIT FRANCHISE, LLC; PFIP, LLC; PLA-FIT HEALTH, LLC; CHRISTOPHER J. RONDEAU; MICHAEL GRONDAHL; BEN MIDGELY; JOSEPH FRESCHI; and CANDACE TALON, <br><br> Plaintiffs, <br><br> v. <br><br> HD FIT, INC.; MAXR, LLC; DIANA HAMILTON-DUTT; and HANS R. DUTT, <br><br> Defendants. | C.A. No.: 09-10560-RWZ |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' RENEWED PETITION TO COMPEL ARBITRATION PURSUANT TO 9 U.S.C. § 4

Pursuant to 9 U.S.C. § 4, plaintiffs Pla-Fit Franchise, LLC, PFIP, LLC, Pla-Fit Health, LLC, Christopher J. Rondeau, Michael Grondahl, Ben Midgely, Joseph Freschi and Candace Talon (collectively "Planet Fitness") respectfully submit this memorandum in support of their motion requesting that the court issue an order compelling defendants HD Fit, Inc., MAXR, LLC, Diana Hamilton-Dutt and Hans R. Dutt (collectively "the Hamilton-Dutts") to proceed with arbitration of the claims they voluntarily submitted to arbitration, as provided for in the parties' Planet Fitness® Franchise Agreements.

### FACTS

1.      On April 3, 2006, MAXR, LLC, executed a Planet Fitness Franchise Agreement for a health club facility in Lutherville, Maryland ("Lutherville Agreement").  On August 30, 2006, HD Fit, Inc., executed a Planet Fitness Franchise Agreement for a health club facility in Ellicott City, Maryland ("Ellicott City Franchise Agreement").

2.     The Lutherville and Ellicott City Franchise Agreements include the following "broad form, all disputes" arbitration provision:

> 19.12. <u>NEGOTIATION AND ARBITRATION.</u> […] All controversies, disputes, or claims between the parties, including their respective affiliates, owners, officers, directors, agents, and employees, arising from or relating to this Agreement that are not resolved by negotiations within thirty (30) days of the notice of dispute, shall on demand of either party be submitted for arbitration to the American Arbitration Association ("AAA").

3.     On the signature page of the Lutherville and Ellicott City Franchise Agreements, in bold-faced all capital type, the Hamilton-Dutts acknowledged that:

**THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES**.

4.     On October 31, 2008, HD Fit, Inc., MAXR LLC, Diana Hamilton-Dutt and Hans R. Dutt, voluntarily and of their own accord filed an arbitration demand against Pla-Fit Franchise, LLC, PFIP, LLC, and ABC Corps. 1-5 with the American Arbitration Association ("AAA"), seeking damages of $10 million, rescission of the franchise agreements and relief from the post-termination covenants against competition contained in the franchise agreements ("Arbitration Demand") (copy attached as <u>Exhibit A</u>).

5.     The Arbitration Demand claims that Planet Fitness: (1) wrongly awarded an area development agreement for Maryland to Victor Brick in violation of the Lutherville and Ellicott City Franchise Agreements, Maryland and New Hampshire antitrust laws and the New Hampshire Consumer Protection Act; (2) tortiously interfered with the Hamilton-Dutts' existing and prospective rights under the Franchise Agreements and at common law; (3) breached the implied covenant of good faith; (4) unjustly enriched itself; (5) defamed the Hamilton-Dutts; (6) violated the Sherman Act; and (7) committed a civil conspiracy.

- 3 -

6.      The AAA accepted the Arbitration Demand, assigning it Case No. 11 114 Y 02112 08.  The parties have agreed upon a panel of arbitrators who are prepared to proceed with the action.

7.      On April 13, 2009, Planet Fitness filed with this court a Petition to Compel Arbitration [Docket No. 1] ("Initial Motion") of a claim the Hamilton-Dutts brought against it in a state court action Howard County, Maryland under § 14-210 of the Business Regulation Article of the Maryland Code (the "Maryland Action").

8.      The Hamilton-Dutts have now brought a preliminary injunction motion in the Maryland Action to invalidate the arbitration provisions of the Franchise Agreements in the Maryland Action based on Planet Fitness' conduct in allegedly "(i) fraudulently induc[ing] [the Hamilton-Dutts] into executing franchise agreements containing the disputed arbitration clause; (ii) fraudulently induc[ing] [the Hamilton-Dutts] to agree to an overbroad and arbitration clause; and (iii) attempted to fraudulently induce [the Hamilton-Dutts] to waive their statutory rights under the Maryland Franchise Law (which Plaintiffs submit are statutory non-waivable)." (HD Fit's Motion for Preliminary Injunction, found at Exhibit A to Plaintiff's Opposition to Defendant's Motion to Dismiss Petition to Compel) [Docket No. 19].

9.      The Hamilton-Dutts also raised their fraudulent inducement arguments in their Motion to Dismiss this action.  "Pla-Fit induced the Franchisees into signing the Lutherville and Ellicott City Franchise Agreements through factual misrepresentation and omissions.  Moreover the Ellicott City Franchise Agreement contained terms that were obtained through fraud or mutual mistake." (Defendant's Motion to Dismiss for Lack of Jurisdiction at 8) [Docket No. 17.]

10.      On June 5, 2009, this court issued its Memorandum and Order [Docket No. 31] on the Initial Motion ("Order").  In the Order, the court either rejected the Hamilton-Dutts'

argument that the arbitration provisions were void due to fraudulent inducement or that they had waived any such argument when it held that "HD Fit consented to arbitration in Massachusetts . . . ." (Order at 2.)

11.    Consistent with this court's recognition that the Hamilton-Dutts were bound by their decision to pursue arbitration of the claims submitted to the AAA (Order at 6), on June 10, 2009, Planet Fitness contacted the Hamilton-Dutts about resuming the arbitration.[1]

12.    The Hamilton-Dutts refused to resume the arbitration, citing their motion in the Maryland Action to enjoin the arbitration.  (See Exhibit B.)

## ARGUMENT

Planet Fitness' current motion to compel arbitration should be granted because: (1) the parties have agreed to arbitrate the claims currently before the arbitration panel and (2) any claim by the Hamilton-Dutts that the Lutherville and Ellicott City Franchise Agreements were fraudulently induced is barred by issue preclusion, waiver and/or must be decided by the arbitrators.  Accordingly, the current motion to compel should be granted.

## I.    THE PARTIES AGREED TO ARBITRATE THE CLAIMS CURRENTLY PENDING IN ARBITRATION.

The Hamilton-Dutts must be compelled to arbitrate the claims currently pending in arbitration because they contractually agreed to do so.  When presented with a motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), the court must answer two questions: first, whether the parties agreed to arbitrate, and second, whether the scope of the parties' agreement to arbitrate encompasses the claims asserted.  Ace Capital Re Overseas Ltd. v. Central United Life Ins. Co., 307 F.3d 24, 28-29 (2d Cir. 2002) (citation omitted).  If the answer to both questions is affirmative, the court is required to compel arbitration.  See 9 U.S.C. § 4

---

[1]    The parties had agreed to stay the arbitration pending a decision on the Initial Motion.

("[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.")  In passing upon these two questions, it is incumbent on the court to recognize that "as a matter of federal law, <u>any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration</u> . . . ."  <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24-25 (1983) (emphasis added); <u>Municipality of San Juan v. Corporación para el Fomento Económico de la Ciudad Capital</u>, 415 F.3d 145, 149 (1st Cir. 2005) ("[D]oubts [concerning the scope of an arbitration clause] should be resolved in favor of coverage.") (internal quotation marks and citation omitted).  The FAA encourages this liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary.  More particularly, FAA § 2 provides in relevant part that an "agreement in writing to submit to arbitration an existing controversy . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

    A.    <u>The Parties Have Agreed to Arbitrate.</u>

Here, there is no question that the parties have entered into a written agreement (in fact, twice) requiring that "[a]ll controversies, disputes, or claims between the parties, . . . arising from or relating to this Agreement . . . shall on demand of either party be submitted for arbitration . . . ."  This court has recognized that such language constitutes a "broad arbitration provision . . . ."  (Order at 4.)

    B.    <u>The Claims the Hamilton-Dutts Have Asserted in the Arbitration are Within the Scope of the Agreement to Arbitrate.</u>

It is equally clear that the claims the Hamilton-Dutts have asserted in the Arbitration are subject to the Franchise Agreements' mandatory arbitration provision.  Again, Paragraph 19.2 of

the Franchise Agreements provides that "**[a]ll** controversies, disputes, or claims between the parties, . . . arising from or relating to this Agreement" are subject to the arbitration requirement.

As the First Circuit, other Federal Circuit Courts and this court have recognized, such language constitutes a "broad form" of agreement to arbitrate and should be interpreted and enforced accordingly.  See Painewebber Inc. v. Elahi, 87 F.3d 589, 599 (1st. Cir. 1996) (recognizing as "broad" a provision to arbitrate "all controversies concerning investment transactions or the construction, performance or breach of this or any other agreement . . . ."); Hartford Acc. & Indem. Co. v. Swiss Reinsurance Am. Corp., 246 F.3d 219, 227 (2d Cir. 2001) (recognizing as "broad" a provision to arbitrate "any difference" between the parties); Ace Capital Re Overseas, 307 F.3d at 30, 30 n.2 (collecting cases); (Order at 4.).  When presented with a "broad" arbitration agreement, any doubt as to the scope of the provision must be resolved in favor of arbitration.  See Moses H. Cone Mem'l Hosp., 460 U.S. at 24-25 ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ."."). Indeed, because the parties have agreed to a broad form of arbitration agreement, "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute" an order compelling arbitration should not be denied. Municipality of San Juan, 415 F.3d at 149 (citation omitted).  As the Hamilton-Dutts' claims for breach of contract, tortious interference, breach of the implied covenant of good faith, unjust enrichment, defamation, anti-trust violation and civil conspiracy clearly "aris[e] from or relat[e] to" the Franchise Agreements, Planet Fitness is entitled to an order compelling arbitration of those claims.

## II. THE HAMILTON-DUTTS' CLAIM OF FRAUDULENT INDUCEMENT FAILS AS A MATTER OF LAW.

The Hamilton-Dutts' likely defense to this motion, that the Lutherville and Ellicott City Franchise Agreement were fraudulently induced, fails as a matter of law for three reasons. First, the Hamilton-Dutts waived this claim by initiating the arbitration. Second, the claim must be submitted to the arbitrators for adjudication, not a court. Third, the claim is barred by the law of the case doctrine.[2]

### A. The Hamilton-Dutts Waived any Fraudulent Inducement Challenge by Initiating the Arbitration.

Regardless of whether the Hamilton-Dutts were fraudulently induced into executing the Franchise Agreements (which they were not), they waived any right to have that claim decided outside of arbitration by voluntarily submitting claims to arbitration. Waiver is the "intentional relinquishment of a known right." Bearse v. United Benefit Life Ins. Co., C.A. No. 82-3914-Z, 1984 U.S. Dist. LEXIS 19310 (D. Mass. Feb. 21, 1984) (Zobel, J.). Here, the Hamilton-Dutts consented to and initiated the arbitration through its Arbitration Demand and began the arbitration. Such action constitutes an explicit waiver of any argument that the claims put before the arbitrators are not subject to arbitration. JCI Commc'ns., Inc. v. IBEW, Local 103, 324 F.3d 42, 49-50 (1st. Cir. 2003) (citing Rock-Tenn Co. v. United Paperworkers Int'l Union, 184 F.3d 330, 334 (4th Cir. 1999) ("Unconditional submission of an issue to arbitration, without any objection to the arbitrator's authority to decide that issue, cedes authority to the arbitrator, or represents consent to arbitration of that issue.") (internal quotations omitted); Franklin Elec. Co.

---

[2]   This court can and must reject the Hamilton-Dutts' attempt to have the Maryland court decide the arbitrability of the claims they submitted to arbitration. This is because § 4 of the FAA (which the Maryland court is also bound to enforce) provides that only a court in the jurisdiction where the arbitration occurs can compel arbitration. Accordingly, while Planet Fitness is confident that the Maryland court would ultimately deny the Hamilton-Dutts' motion to enjoin the arbitration for the reasons stated in this brief, this court is the proper forum for to decide the issue because only this court can compel arbitration after denying the Hamilton-Dutts' specious arguments.

v. Int'l Union, United Automobile Aerospace & Agric. Workers, 886 F.2d 188, 191-92 (8th Cir. 1989) (a party cannot argue, after an arbitral award, that the arbitrator lacked authority to decide a jurisdictional or arbitrability issue the party itself submitted); Jones Dairy Farm v. Local No. P-1236, United Food & Commercial Workers Union Int'l, 760 F.2d 173, 175-76 (7th Cir. 1985) ("[I]f a party voluntarily and unreservedly submits" a jurisdictional issue to arbitration, then the party "cannot later argue that the arbitrator had no authority to resolve it."); Nghiem v. NEC Elec., Inc., 25 F.3d 1437, 1440 (9th Cir. 1994) ("We have long recognized a rule that a party may not submit a claim to arbitration and then challenge the authority of the arbitrator to act after receiving an unfavorable result.") (quotation omitted); Dorado Beach Hotel Corp. v. Union de Trabajadores de la Industria Gastronomica de P.R. Local 610, 959 F.2d 2, 4 (1st Cir. 1992) ("An arbitrator's authority under the CBA may be supplemented by the parties' submissions.")). Having waived any right to argue the claims cannot go forward in arbitration, this court should compel the Hamilton-Dutts to finish what they began.[3]

    B.    The Hamilton-Dutts' Claims of Fraud and Fraud in the Inducement Do Not Affect Arbitrability.

    Again, regardless of whether the Hamilton-Dutts were fraudulently induced into executing the Franchise Agreements (which they were not), resolution of that claim is in the exclusive jurisdiction of the arbitrators.  It is well-settled law in this and other Circuits that any controversy concerning the terms of a contract governed by a valid arbitration agreement, including charges of fraud in the inducement, are explicitly reserved for the arbitrators.[4] See,

---

[3]    Because the AAA Commercial Arbitration Rules do not permit a party to unilaterally withdraw its Arbitration Demand, the Hamilton-Dutts cannot "undo" their submission of claims to arbitration.  Cf. Fed. R. Civ. P. 41(a)(1)(A) permitting unilateral dismissal of a claim only before a defendant answers or files a motion for summary judgment.

[4]    As this court recognized, the Hamilton-Dutts have waived any fraud claim with respect to the arbitration provision based on it specifying a New Hampshire venue by failing to object to a Boston venue in accordance with the AAA rules.  (Order at 2 n.1)

e.g., Sleeper Farms v. Agway, Inc., 506 F.3d 98, 103 (1st Cir. 2007) ("As a matter of federal law, the arbitration clause is unaffected even if the substance of the contract is otherwise void or voidable. [citation omitted]  Without this rule, the merits of a contractual dispute would often have to be adjudicated in court in order to determine whether the dispute is arbitrable."); Ace Capital Re Overseas, 307 F.3d at 29 ("It is well established that a claim or defense of fraudulent inducement, when it challenges generally the enforceability of a contract containing an arbitration clause rather than specifically the arbitration clause itself, may be subject to arbitration.") (citing Prima Paint Corp. v. Flood & Conklin Mfg., 388 U.S. 395, 403-04 (1967)); Centra Indus., Inc. v. McGuirewoods, LLP, C.A. No. 03 Civ. 0656, 2003 U.S. Dist. LEXIS 11117, at *7-8 (S.D.N.Y. June 30, 2003) (Rakoff, J.) ("Federal authorities, meanwhile, are legion that broad arbitration clauses cover fraudulent inducement claims unless the Complaint alleges that the arbitration clause in particular -- and not merely the contract generally -- was the product of fraud.") (citations omitted).  As the only claims the Hamilton-Dutts raise go to the fraudulent inducement of the Franchise Agreement writ large, they are properly subject to arbitration.

      C.    The Fraudulent Inducement Claim is Barred by the Law of the Case Doctrine.

      Finally, the Hamilton-Dutts' claim that the Franchise Agreements were fraudulently induced and therefore the Arbitration cannot proceed is barred by the law of the case doctrine. The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Naser Jewelers, Inc. v. City of Concord, N.H., 538 F.3d 17, 20 (1st Cir. 2008) (citation omitted).  In their Motion to Dismiss, the Hamilton-Dutts squarely raised the issue that the Franchise Agreements were fraudulently induced.  (Defendants' Motion to Dismiss for Lack of Jurisdiction at 8) [Docket No. 17.] ("Pla-Fit induced the Franchisees into signing the Lutherville and Ellicott City Franchise Agreements through factual misrepresentation an omissions.  Moreover the

Ellicott City Franchise Agreement contained terms that were obtained through fraud or mutual mistake."). The court necessarily decided against the Hamilton-Dutts on this issue when it reached the merits of their alternative defense that claims under the Maryland Franchise Act were outside the parties' agreement to arbitrate. (Order at 5-6.) If the Hamilton-Dutts were correct that the Maryland Franchise Act claim could not be arbitrated because the arbitration agreements themselves are void, there would have been no reason to determine whether it falls within the scope of arbitration provisions. Having reached the merits, the court implicitly rejected the fraudulent inducement claim and established it as the law of the case. Laudano v. 214 South Street Corp., C.A. No. 06-10217-RCL, 2009 U.S. Dist. LEXIS 34575, at *15 (D. Mass.) (rejecting statute of frauds defense under law of the case doctrine that was previously raised in motion to dismiss)

## CONCLUSION

For the foregoing reasons, Planet Fitness respectfully requests that this court enter an order compelling the Hamilton-Dutts to resume arbitration of American Arbitration Association Case No. 11 114 Y 02112 08 that they initiated in accordance with the arbitration clause contained in the Franchise Agreements.

Respectfully Submitted,

PLA-FIT FRANCHISE, LLC; PFIP, LLC; PLA-FIT HEALTH, LLC; CHRISTOPHER J. RONDEAU; MICHAEL GRONDAHL; BEN MIDGELY; JOSEPH FRESCHI; and CANDACE TALON,

By their attorneys,


    /s/ Arthur L. Pressman
Arthur L. Pressman (BBO #643094)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts  02110
(617) 345-1100
(617) 345-1300 (facsimile)
E-mail: apressman@nixonpeabody.com

Dated:  June 12, 2009

<u>Certificate of Service</u>

I hereby certify that this Memorandum of Law In Support of Renewed Petition to Compel Arbitration filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 12, 2009.

    /s/  Arthur L. Pressman
Arthur L. Pressman

12590786.3