UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

PLA-FIT FRANCHISE, LLC, et al.

Plaintiffs,

v.                                      Case No.: 1:09-CV-10560 (RWZ)

HD FIT, INC, et al.

Defendants.

_____

**DEFENDANTS' MOTION FOR AN
EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

Defendants HD Fit, Inc.; MAXR, LLC; Diana Hamilton-Dutt; and Hans R. Dutt (collectively, the "Franchisees"), by and through their undersigned counsel, hereby respectfully request the Court grant their Motion for an Extension of Time to File a Notice of Appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5) as good cause exists. In support of their motion, the Defendants state as follows:

**INTRODUCTION**

The Franchisees have good cause to request an extension of time to file a notice of appeal of this Court's June 30, 2009 decision. The Franchisees believed and continue to believe that the statements made on the record from the June 30, 2009 proceedings are not an order or judgment as required by Fed. R. App. P. 4 (2009); however, out of an abundance of caution to preserve the Franchisees' rights under the Federal Rules of Appellate Procedure, counsel for the Franchisees requests that this Court permit an extension of time for Franchisees to file an appeal. It is within the discretion of the Court to grant such relief in order to protect the Franchisees' rights and does

not prejudice any party in the instant action. Therefore, this Court should grant the Franchisees' motion and allow the Franchisees an extension of time to file a Notice of Appeal.

## **PROCEDURAL HISTORY**

On April 13, 2009, plaintiffs Pla-Fit Franchise, LLC, PRP, LLC, Pla-Fit Health, LLC, Christopher J. Rondeau, Michael Grondahl, Ben Midgely, Joseph Freschi, and Candace Talon (collectively, the "Plaintiffs") filed a Complaint to Compel Arbitration pursuant to 9 U.S.C. § 4 (2009) against the Defendants. The arbitration is part of an ongoing dispute between the Plaintiffs and Franchisees, and is the subject of the Franchisees' previously-filed action in Maryland Circuit Court for Howard County.

On June 16, 2009, the Maryland Circuit Court issued an order that temporarily enjoined the American Arbitration Association matter entitled *MAXR, LLC, et al. and Pla-Fit Franchise, et al.*, Case No. 11 114 Y 02112 08 until that court could rule on the merits of the Franchisees' right to rescission. Rather than substantively opposing the Franchisees' Motion for Preliminary Injunction in the Maryland Circuit Court, the Plaintiffs sought relief in this Court by moving to compel arbitration.

In the Maryland Circuit Court, the Plaintiffs moved on June 24, 2009 to dissolve the June 16 Order, and the Franchisees have filed an Opposition. The Motion for Dissolution remains pending, and the Maryland Circuit Court plans to conduct a hearing on it on September 22, 2009 – a date that had been agreed upon by all counsel. In the interim, this Court held its proceedings on June 30, 2009.

At that time, the Court made statements indicating that the arbitration should proceed, but the Franchisees believe that no order was issued because none was given on the record or noted on the docket. *See* Ex. 1, Electronic Clerk's Notes for proceedings held before Judge Rya W.

Zobel (June 30, 2009) (the "June 30 Teleconference").  If the Court did issue an order, the Franchisees wish to preserve their right to an appeal, and request an extension of time in which to do so.

## ARGUMENT

Plaintiffs have contended that this Court issued no order or judgment from the June 30 Teleconference to which they need to appeal.  To the extent that this Court would disagree and maintain an order did issue from the Court's statements on the record that day, the Franchisees have good cause to extend the time to file a notice of appeal.  *See* Fed. R. App. P. 4(a)(5)(A) (extension permitted to file a notice of appeal no later than 30 days after the time prescribed, if that party shows excusable neglect or **good cause**) (emphasis added).

Courts should judge whether good cause exists when the appellant's need for an extension is beyond the control of counsel and not due to any mistake made by counsel, excusable or otherwise.  *See Scarpa v. Murphy*, 782 F.2d 300, 301 (1st Cir. 1986).  Further, the First Circuit has held that a showing of unique circumstances indicating that good cause exists is reason to grant an extension of time to file a notice of appeal.  *See e.g.*, *Pontarelli v. Stone*, 930 F.2d 104, 110 (1st Cir. 1991), *abrogated by Graphic Comm. Intern. Union, Local 12-N v. Quebecor Printing Providence, Inc*.  270 F.3d 1 (1st Cir. 2001) (("good cause" under the Federal Rule of Appellate Procedure 26(b) requires showing of "unique circumstances") citing *United States v. Beacon Bay Enter., Inc.,* 840 F.2d 921, 923-24 (Temp. Emer. Ct. App. 1988)).

Good cause and unique circumstances in the instant action provide the basis to grant the Franchisees relief.  Granting the extension of time maintains the status quo and does not prejudice the Plaintiffs' rights in the arbitration or the Maryland Circuit Court action; however, the extension *does* preserve the Franchisees' rights to perfect an appeal, to the extent necessary if

it is true that there are potentially orders from two courts in two jurisdictions with possibly incompatible obligations.

According to the transcript and the docket, the Franchisees, respectfully, do not believe that there is a final order that requires the arbitrators to proceed at this time. Because of the absence of a specific final appealable order commanding the parties to move forward, unique circumstances are presented and warrant an extension of time. In an abundance of caution, the interest of justice and without prejudice to any of the Plaintiffs rights, the Franchisees have good cause to be permitted an extension to file an appeal, in order to protect their rights in this matter.

## **CONCLUSION**

The Franchisees respectfully request this Court grant an extension of time to file a Notice of Appeal, solely to preserve the Franchisees' rights on this issue.

Respectfully submitted,

  /s/ David G. Ross
David G. Ross (admitted *pro hac vice*)
ROSS LAW FIRM, LC
7315 Wisconsin Avenue
Suite 700 East Tower
Bethesda, MD 20814
(301) 654-7900 (telephone)
(301) 907-2975 (fax)
dross@rlflegal.com

Rory A. Valas (BBO#559277)
VALAS AND ASSOCIATES, P.C.
250 Summer Street
Boston, MA 02210
(617) 399-2200 (telephone)
(617) 399-2202 (fax)
rav@franchiseelaw.com

*Counsel for Defendants*

**Certificate of Compliance With LR 7.1(a)(2)**

In compliance with Local Rule 7.1(a)(2), counsel for Defendants contacted Plaintiffs' counsel to obtain consent to the filing of the instant Motion. Plaintiffs' counsel did not consent.

                         __/s/ David G. Ross_____
                         David G. Ross

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.2(b)(2), I hereby certify that on this 31st day of August 2009, a true copy of the foregoing document was served electronically in accordance with Local Rule 5.4(C) on the following counsel of record:

                         Arthur L. Pressman
                         Nixon Peabody LLP
                         100 Summer Street
                         Boston, Massachusetts 02110
                         apressman@nixonpeabody.com
                         *Counsel for Planet Fitness/Plaintiffs*

                         __/s/ David G. Ross_____
                         David G. Ross